**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL MURPHY, et al., individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 16 C 11471 |
| v. | ) | |
| | ) | |
| LISA MADIGAN, et al., | ) | Judge Kendall |
| | ) | |
| Defendants. | ) | |

**MOTION FOR CLASS CERTIFICATION PURSUANT
TO FED. R. CIV. P. 23(B)(2) AND FOR APPOINTMENT OF CLASS
COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(1)**

Plaintiffs, through counsel, respectfully request that this Court enter an order pursuant to Federal Rule of Civil Procedure 23(b)(2) certifying that this case may be maintained as a class action on behalf of all individuals sentenced to serve "three- years-to-life" on MSR currently detained in the Illinois Department of Corrections ("IDOC") who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of their inability to obtain an approved host site. Plaintiffs further request that this Court enter an order appointing the undersigned attorneys as class counsel. In support thereof, Plaintiffs state as follows.

**INTRODUCTION**

Plaintiffs Paul Murphy, Stanley Meyer, J.D. Lindenmeyer, and Jasen Gustafsen are all currently detained in the Illinois Department of Corrections

despite their having completed their criminal sentences and having been granted release on mandatory supervise release. They face the prospect of indefinite detention in prison due to their inability to find a "host site" that will meet IDOC approval. Plaintiffs have brought this case individually and on behalf of all individuals who have received an MSR sentence of three years to life who are currently detained in IDOC and who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of an inability to find an approved host site. Dkt. 1 at ¶119.

Plaintiffs claim that the statutes and policies that cause indefinite detention of individuals with MSR sentences of three-to-life violate the Eighth and Fourteenth Amendments as well as the Equal Protection Clause. *Id.* at ¶¶129–142; 148–159. Plaintiffs seek injunctive and declaratory relief on behalf of the class against Defendants Lisa Madigan, the attorney general of Illinois; and John Baldwin, the director of the Illinois Department of Corrections. *Id.*

The Plaintiffs' claims are ideally suited to proceed as a class action under Federal Rule of Civil Procedure 23(b)(2). As set forth below, the proposed class satisfies each element of Rule 23(a) because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named Plaintiffs are typical of the claims of the class; and (4) the named Plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Moreover, this matter meets the requirements for class certification under Rule 23(b)(2) because Defendants have acted in a manner that

applies generally to the class as a whole, rendering class-wide injunctive and declaratory relief appropriate under Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

**I.   The Court Should Certify a Class Consisting of All Individuals with a 3-to-Life MSR Sentence Currently Detained in the Illinois Department of Corrections Because of an Inability to Find an Approved Host Site**

For a district court to certify a class action, the named Plaintiffs and the proposed class must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Here, because the named Plaintiffs and the proposed class meet all four Rule 23(a) requirements and the requirements of Rule 23(b)(2), the class should be certified.

### A.   The Proposed Class Meets All of the Requirements of Fed. R. Civ. P. 23(a) and 23(b)(2)

#### 1.   Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class "including more than 40 members" generally meets this standard. *Barragan v. Evanger's Dog and Cat Food Co.*, 259 F.R.D. 330, 333 (N.D.Ill. 2009); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612 (N.D. Ill. 2012) (same); accord William B. Rubenstein, et al., Newberg on Class Actions, § 3:12 (5th ed. 2011) ("a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone.")

Here, the proposed class easily satisfies this standard. The class comprises all individuals who have received an MSR sentence of three years to life who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of an inability to find an approved host site. The Department of Corrections has not made precise figures available, but the class likely comprises thousands of people. According to a September 2013 report of the Illinois Sentencing Policy Advisory Council, in the month of August 2011 alone, 214 people convicted of sex offenses had their MSR "violated at the door" for failure to obtain a "host site." See, Sentencing Policy Advisory Council: "Drivers of the Sentenced Population: MSR Violators" at p. 9, Table 2 (available at: http://www.icjia.state.il.us/spac/pdf/SPAC%20Report%20MSR%20violator%209-13.pdf). The report estimated that 10 percent of the IDOC's total population is people being held for "technical MSR violations" such as failure to identify a host site. *Id*. at 10. The report further stated that "IDOC policies or legislative requirements regarding the release of sex offenders to approved host sites" were a key driver of "technical violations" resulting in individuals being held in custody while on MSR. *Id*.

Moreover, membership in the class is constantly growing as individuals with a three-to-life MSR sentence complete their prison terms. Many such individuals will become members of the class if they are unable to meet the requirement that they obtain an approved "host site."

4

### 2. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This Court has observed that a "common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario*, 963 F.2d at 1018; *Streeter*, 256 F.R.D. at 612 (same).

An injunctive challenge to a government policy that applies generally to all members of the class is a textbook example of a case that satisfies the commonality requirement and warrants class certification. Indeed, this Court has repeatedly recognized that "[a] class action is … an appropriate vehicle to address what is alleged to be a systemic problem." *Coleman v. County of Kane*, 196 F.R.D. 505, 507 (N.D. Ill. 2000) (finding commonality in case challenging sheriff's policy regarding bond fees); *Corey H. v. Board of Educ. of City of Chicago*, No. 92 C 3409, 2012 WL 2953217, at *7 (N.D. Ill. Jul. 19, 2012) ("Plaintiffs have attacked … systemic failures and district-wide policies that apply to every member of the certified class …"); *Olson v. Brown,* 594 F.3d 577 (7th Cir. 2010) (finding a class action was an appropriate vehicle to challenge jail policies concerning responding to inmates' grievances and opening inmates' legal mail); *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612–13 (N.D. Ill. 2009) (certifying class of detainees challenging the Cook County jail's strip search policy).

Here, all individuals falling within the class definition have been subject to the same statutes, policies and practices. Accordingly, there are numerous factual

and legal questions that are appropriate for resolution on a class-wide basis. These common questions include the following:

- What are the requirements for obtaining IDOC approval of a "host site";

- What resources are available for indigent parolees who cannot afford to pay for housing outside of prison;

- Whether it is constitutionally permissible to keep a person in custody beyond the expiration of his sentence due to an inability to afford housing;

- What are the government rationales for the challenged statutes and regulations.

Because there are common questions of law and fact pertaining to all members of the class, this matter meets the commonality requirement of Fed. R. Civ. P. 23(a)(2).

### 3.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The standard for determining typicality is not an identity of interest between the named plaintiffs and the class, but rather a "sufficient homogeneity of interest." *Jones v. Blinziner*, 536 F. Supp. 1181, 1190 (N.D. Ind. 1982) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975)). "[T]he typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996).

Where, as here, the named plaintiffs' injuries arise from a generally applicable law, practice or policy affecting all members of the class, typicality exists even if there are factual differences in precisely how the policy was applied to each

plaintiff. *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612-13 (N.D. Ill. 2009) (certifying class of detainees strip searched upon entry to Cook County Jail, despite the Sheriff's argument that there were differences in the circumstances of each search "because 'the likelihood of some range of variation in how different groups of … detainees were treated does not undermine the fact that the claims of each class [member] share a common factual basis and legal theory.'"); *Areola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008) (typicality satisfied where plaintiff was in the "same boat" as other Cook County Jail detainees who had been denied crutches); *Bullock v. Sheahan*, 225 F.R.D. 227, 230 (N.D. Ill. 2004) ("[p]otential factual differences" relating to individual searches held insufficient to defeat typicality in a jail strip search case).

In this case, the claims of the named Plaintiffs are typical of the class as a whole. Each named Plaintiff has been held in the custody of the IDOC beyond the expiration of his sentence due to an inability to find housing that meets IDOC approval. Moreover, each named Plaintiff and each class member has the same legal theories—that is, that the challenged statutes and their application to Plaintiffs and the class violate the Eighth and Fourteenth Amendments. Accordingly, the named Plaintiffs satisfy Rule 23(a)(3)'s typicality requirement. See *Fonder v. Sheriff of Kankakee County*, No. 12-CV-2115, 2013 WL 5644754, at *6 (C.D. Ill. Oct. 15, 2013) (typicality satisfied where "Plaintiff is challenging the same strip search policy as the class he seeks to represent"); *Olson*, 284 F.R.D. at 411

(typicality satisfied where class representative and members of proposed class had their legal mail opened improperly by correctional officers).

### 4. Adequacy

Rule 23(a)(4) requires that the named Plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequate representation inquiry consists of two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class' myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). As set forth below, both of these elements are met here.

### a. Plaintiffs Are Appropriate Representatives of the Interests of the Class

The named Plaintiffs will fairly and adequately protect the interests of the class. Each named Plaintiff remains in custody despite having been granted MSR due to the challenged statutes and policies. Both the named Plaintiffs and class members have a common interest in securing their release from custody and reforming the statutes and policies governing the requirement that persons required to register as sex offenders must obtain an approved host site before being released from IDOC on MSR. The named Plaintiffs and the class members raise the same claims and seek the same relief, and the class representatives do not have interests antagonistic to the interests of the class. The named Plaintiffs are all committed to changing the policy and obtaining an injunction to prevent future violations of constitutional rights. Accordingly, each named Plaintiff has a strong

personal stake in the proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F. Supp. 289, 294 (N.D. Ill.1970), aff'd 403 U.S. 901 (1971).

### b.    Adequacy of Representation

The named Plaintiffs are represented by experienced civil rights counsel who are well qualified to represent the interests of the members of the class and are invested in continuing to vigorously prosecute this case. Mr. Weinberg and Ms. Nicholas have successfully challenged the constitutionality of laws regulating the residency of people classified as "sex offenders." See *Hoffman et al. v. Pleasant Prairie*, 16-CV-697-JPS (E.D. Wis., April 17, 2017) (Stadtmueller, J.) (summary judgment in favor of plaintiffs on their claims that local residency ordinance violated the Ex Post Facto and Equal Protection Clauses). Likewise, Mr. Weinberg and Ms. Nicholas have successfully litigated numerous constitutional cases in which broad equitable relief was sought. See, *e.g.*, *Koger v. Dart*, 114 F. Supp. 3d 572 (N.D. Ill., 2015) (obtained declaratory judgment holding ban on newspapers in the Cook County Jail unconstitutional); *Pindak v. Dart*, 10 C 6237 (N.D. Ill. 2016) (Pallmeyer, J.) (obtained a permanent injunction ordering the sheriff to properly train deputies concerning First Amendment rights); *Norton v. City of Springfield*, 806 F. 3d 411 (7th Cir. 2015) (obtained a preliminary injunction barring the City of Springfield from enforcing its municipal panhandling ordinance).

Plaintiffs' counsel are also experienced in class action litigation. See, *RCP Publications Inc. v. City of Chicago*, 15 C 11398, Dkt. 52 (N.D. Ill., May 12, 2017)

(Kennelly, J.) (appointing Mr. Weinberg and Ms. Nicholas as class counsel in case challenging City's bill-posting ordinance on First Amendment grounds); *Thompson v. City of Chicago*, Case No. 01 C 6916, 2002 U.S. Dist. LEXIS 10627 (N.D. Ill., June 11, 2002) (Nolan, J.) (representing a class of more than 6,000 individuals in case challenging City of Chicago disorderly conduct ordinance); *Portis v. City of Chicago*, Case No. 02 C 3139 (Gettlemen, J.) (representing a class of detainees who alleged unlawfully long detentions in Chicago police lockups).

Because the named Plaintiffs are prepared to vigorously pursue class-wide relief and because they are represented by competent and experienced counsel, they satisfy Rule 23(a)(4)'s adequacy requirements.

### 5. Plaintiffs Satisfy Fed. R. Civ. P. 23(b)(2) Because this Case Seeks Declaratory and Injunctive Relief from Laws and Policies that Impact the Entire Proposed Class

The final requirement for class certification is that the named Plaintiffs meet the requirements of at least one of the subsections of Rule 23(b). Subsection (b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Courts have long recognized that civil rights class actions are the paradigmatic 23(b)(2) suits, "for they seek classwide structural relief that would clearly redound equally to the benefit of each class member." *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), vacated on other grounds, 442 U.S. 915 (1979); see also *Alliance to End Repression v. Rochford*, 565 F. 2d 975, 979 n.9 (7th Cir.

1977) ("Rule 23(b)(2) … is devoted primarily to civil rights class actions which allege violations of constitutional rights.") (citing Advisory Committee Notes to the 1966 Amendments to Rule 23.) As stated in the leading treatise on class actions:

> Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits. Most class actions in the constitutional and civil rights areas seek primarily declaratory and injunctive relief on behalf of the class and therefore readily satisfy Rule 23(b)(2) class action criteria.

A. Conte & H. Newberg, Newberg on Class Actions § 25.20 (4th ed. 2002). Because this case seeks class-wide injunctive and declaratory relief, it is appropriate for certification as a class action under Fed. R. Civ. P. 23(b)(2).

## II. The Court Should Designate Plaintiffs' Counsel as Class Counsel Under Rule 23(g)(1)

Federal Rule of Civil Procedure 23(g) requires that the district court appoint class counsel for any class that is certified. Fed. R. Civ. P. 23(g)(1). The attorneys appointed to serve as class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointed class counsel must be listed in the Court's class certification order. Fed. R. Civ. P. 23(c)(1)(B). The Rule provides four factors for the Court to consider in appointing class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The undersigned attorneys satisfy each of these requirements. First, Plaintiffs' counsel have worked on this case for more than a year, including interviewing the named Plaintiffs and their families, talking to numerous other individuals who have been subjected to the challenged laws and policies, and conducting extensive legal research concerning the class members' claims. Second, as set forth in §I(A)(4)(c) above, Plaintiffs' counsel have significant experience in handling §1983 class actions and other complex civil rights litigation, including the very kind of claims asserted in this case. Accordingly, they are highly knowledgeable about the applicable law and are prepared to vigorously pursue relief on behalf of the class. Finally, Plaintiffs' counsel have dedicated and will continue to commit substantial resources to the representation of this class. In sum, Plaintiffs' counsel fully satisfy the criteria for class counsel set forth in Rule 23(g), and Plaintiffs respectfully request that the Court appoint them as such.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the motion for class certification and appoint the undersigned attorneys as Class Counsel.

Respectfully submitted,

/s/ Adele D. Nicholas

/s/ Mark G. Weinberg
*Counsel for Plaintiffs*

12

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

Law Office of Mark G. Weinberg
3612 N. Tripp Ave.
Chicago, Illinois 60641
773-283-3913