IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Paul Murphy, et al , <br><br> Plaintiff(s), <br><br> v. <br><br> Lisa Madigan, et al, <br><br> Defendant(s). | Case No. 16 C 11471 <br> Judge Virginia M. Kendall |

## ORDER

Plaintiffs' filed a Motion for Class Certification and for Appointment of Class Counsel [41] pursuant to Fed. R. Civ. P. 23(b)(2) and 23(g)(1). Defendants do not oppose either motion provided that the motion for class certification seeks to certify only those individuals who are currently detained and not future detainees. Plaintiffs Paul Murphy, Stanley Meyer, J.D. Lindenmeyer, and Jasen Gustafsen are putative class representatives who sued Defendants Lisa Madigan and John Baldwin, in their official capacities, seeking declaratory and injunctive relief for alleged Eighth and Fourteenth Amendment civil rights violations under 42 U.S.C. § 1983. (Dkt. No. [1].) Each named Plaintiff has completed a criminal sentence for sex-related crimes and the Illinois Prison Review Board ("PRB") granted each of them release from incarceration along with mandatory supervised release ("MSR") ranging from three-years to life. (Id. at 3.) Instead, however, each Plaintiff is still incarcerated and they allege this is a result of "unmeetable restrictions on where [the Plaintiffs] can live that must be satisfied in order for such individuals to be released on MSR." (Id. at 2.) In their Class Complaint the Plaintiffs identify two proposed classes:

(1) All individuals who have received an MSR sentence of three years to life currently detained in the Illinois Department of Corrections who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of their inability to find an approved host site; and

(2) All individuals who have received an MSR sentence of three years to life currently or in the future detained in the Illinois Department of Corrections who will in the future remain detained indefinitely in prison due to the unavailability of host sites.

(Id. at 24.) Subsequently, the Court dismissed as premature the claims on behalf of plaintiff-inmates who alleged future civil rights violations for post-release MSR conditions where their sentences had not yet run. (Dkt. No. 31, at 7-10.) As a result, when the Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel they sought only to certify a

class of "all individuals sentenced to serve 'three-years-to-life' on MSR currently detained in the Illinois Department of Corrections ("IDOC") who have been approved for release on MSR by the PRB but have been denied release from IDOC custody because of their inability to obtain an approved host site." (Dkt. No. 41, at 1.)  Therefore, the motion to certify the class and the appointment of class counsel [41] are both granted as defined.


Date:  4/6/2018                                           /s/Virginia M. Kendall
                                                       United States District Judge