# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL MURPHY, *et al.*, | ) |
| | ) No. 16 C 11471 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Judge Kendall |
| | ) |
| KWAME RAOUL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PERMANENT INJUNCTION ORDER

Plaintiffs, a class of individuals who have been convicted of sex offenses and sentenced to serve indeterminate terms of mandatory supervised release, challenged the constitutionality of the Illinois laws and Illinois Department of Corrections policies that result in their being detained in prison indefinitely beyond the completion of their court-ordered term of incarceration because they are unable to secure a qualifying "host site" at which to live while on mandatory supervised release.

On March 31, 2019, this Court issued a memorandum opinion and order finding that the Defendants' current application of the host-site requirement results in the deprivation of the Plaintiffs' fundamental rights in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States. ECF No. 132.

Since the entry of this Order, the parties have engaged in good faith negotiations seeking to identify solutions to constitutional problems identified in the Court's Order. Counsel for the Attorney General and the Department of Corrections have

put forth a variety of proposals to reduce the population of class members being detained due to an inability to secure a host site, including changes to IDOC policy to make it more feasible for individuals to identify compliant host sites; partnering with community providers to provide transitional housing placements; allowing eligible class members to participate in work release; and exploring the potential for placement of eligible class members at mental health treatment facilities operated by the state's Department of Human Services.

But despite the parties' good faith efforts, more than 290 class members remain imprisoned beyond the completion of their prison terms due to an inability to satisfy the host-site requirement. The class is continuing to grow larger as additional individuals complete their prison sentences and become eligible for mandatory supervised release and are unable to secure an approved host site.

In light of the above, IT IS HEREBY ORDERED:

1. **Plan**: By February 27, 2020, Defendants will submit a plan setting forth the specific steps they will take to ensure that by no later than January 2, 2021, no member of the class will remain imprisoned due to an inability to comply with the host-site requirement. The Court will not dictate precisely what course Defendants should follow, but leaves it to the discretion of the State to identify what alternatives, including but not limited to legislative changes, policy changes, and/or contracting with transitional housing providers, will most easily and economically fulfill the State's constitutional obligations. Plaintiffs shall have an opportunity to

respond to Defendants' proposed plan within 30 days. The Court will enter a final order setting forth a plan after considering the parties' written submissions.

2. **Periodic Reports and Status Hearings**: Following the Court's entry of a final order setting forth a plan, Defendants shall prepare and submit to the Court periodic reports every 90 days setting forth the steps taken to implement the plan; the number of class members who remain imprisoned due to the lack of a host site; any additional or alternative measures that Defendants may have adopted to meet the January 2, 2021, deadline; and any anticipated difficulties in complying with the January 2, 2021, deadline. The first report shall be due March 30, 2020. In addition, the parties shall appear for a status conference every 90 days to report on these matters. The first status conference shall be held April 6, 2020 at 9:00 a.m.

3. **Enforcement Mechanism**: Should Defendants fail to meet the January 2, 2021, deadline for compliance with this Order, the Plaintiffs can file an appropriate pleading bringing the nature of IDOC's non-compliance with this Order to the Court's attention. The Court will hold a hearing to determine an appropriate response, including but not limited to imposition of monetary sanctions. However, Defendants shall not be considered to be in violation of this Order under the following circumstances:

The class member is held beyond his or her release date because he or she has expressed a preference for remaining in prison rather than being released into homelessness; or

3

- A class member is detained for 30 days or less beyond his or her release date while Defendants seek a placement for the class member.

1-15-20
Date

Virginia M. Kendall
United States District Judge

4