IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL MURPHY, *et al.*, | ) |
| Plaintiffs, | ) No. 16 CV 11471 |
| v. | ) Judge Virginia M. Kendall |
| KWAME RAOUL, Attorney General of Illinois, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS' QUARTERLY REPORT

On January 15, 2020, the Court entered a Permanent Injunction Order in this matter. Pursuant to that order, Defendants were required to present quarterly reports outlining steps taken to ensure that by March 20, 2021,[1] no *Murphy* class member remains in the custody of the Illinois Department of Corrections ("IDOC" or "the Department") due to an inability to locate a host site (Dkt. 156). On March 19, 2021, Defendant filed a motion requesting additional time to comply with the Court's Permanent Injunction. To date, there has been no ruling on that motion. However, as outlined in the motion, IDOC agreed to continue to provide the Court with quarterly updates with respect to its compliance. This report is submitted pursuant to that promise.

**I.     Introduction**

Since the entry of the Court's Permanent Injunction Order, the Illinois Department of Corrections has worked diligently to ensure that *Murphy* class members do not remain in custody beyond their date of release. The Department has taken innovative, unprecedented, and aggressive steps to aid in the release of *Murphy* class members. The Department shifted its mindset and the mindset of its staff to become *release* focused. We've studied the research, collaborated with community partners and made a hefty financial investment into the *Murphy* class. The Department recognizes that there is still much work to do. We continue to move forward with a clear purpose and sincere intention to ensure that *Murphy* class members do not spend unnecessary time in IDOC custody.

**II.    The *Murphy* Class**

In January 2020, when this Court entered its Permanent Injunction Order, there were 297 individuals in the *Murphy* class. Presently, there are approximately 191 *Murphy* Class members who remain in IDOC custody past the date of their Mandatory Supervised Release ("MSR").

---

[1] The Order sets a compliance deadline of January 2, 2021 (Dkt. 156), but the Amended General Orders 20-0012 extended all deadlines in existing cases by 77 days.

1

The number of class members is an approximation as it fluctuates daily. Each month approximately 8-15 individuals join the class. During this reporting period, 30 class members were released into the community, subsequently violated the terms of their MSR and were returned to IDOC custody. We are pleased to report that in the last 12 months, 206 *Murphy* class members have been released from IDOC custody. In that time, approximately 84 individuals have joined the class. This is unprecedented progress by the Department and indicative of a genuine commitment to the class.

Since the last report to the court, 47 *Murphy* additional class members have been released. In our last report, we noted five *Murphy* class members declined placement in the community as participants in the Intensive Community Reintegration Program ("ICRP"). We have identified placement outside of the ICRP for one of those individuals. We were able to convince another individual to participate in the program and he will be transitioned to New Beginnings. There are currently four class members who we believe are appropriate for nursing home care. We have identified two nursing homes willing to accept sex-offenders, and while neither facility has open beds at this time, the Department's Coordinator of Sex Offender Services remains in constant contact with these facilities. One facility has already received packets on each of the four individuals in need of nursing home care. Packets are being prepared to send to the second location.

### III.   Steps the Department Is Undertaking to Release *Murphy* Class Members

#### A. Ongoing Efforts

The Department continues to engage in the various efforts to aid in the release of *Murphy* class members. We continue to utilize opportunities to partner with community stakeholders. We also offer continued training for our Field Service Representatives. Ongoing training is crucial to ensure that the Department's commitment to the *Murphy* class is clear to those individuals tasked with the day-to-day operations relating to release.

#### B. Interstate Compact Placements

*Murphy* class members continue to submit requests to live in other states pursuant to the Interstate Compact. As states begin to ease restrictions associated with COVID-19, we are hopeful that states will be more responsive to candidates from Illinois. To that end, we plan to reevaluate class members regarding potential out-of-state placements. We remain committed to working with our partners in other states to successfully transition *Murphy* class members into their desired out-of-state placements.

### C. Department's Shift in Focus: Expanded Host Site Considerations

The Department continues to explore ways to expand host site options for *Murphy* class members. This quarter, through a collaboration with Plaintiff's counsel, we confirmed some motels that are willing to accept sex-offenders. This information has been circulated Department-wide.

### D. Collaboration with Plaintiffs' Counsel

Throughout the duration of the Court's Permanent Injunction Order, the Department has worked collaboratively with Plaintiffs' counsel. They continue to assist the Department in identifying potential host sites for *Murphy* class members and continue to work in conjunction with the Department's Field Services Representatives to obtain approval for those placements. As part of this effort, Plaintiffs' counsel has provided the Department with a list of transitional housing providers that accept sex offenders, with contact information and other details; the Department is working on ways to share this information with class members that need it. This joint effort serves to facilitate placement of *Murphy* class members into the community and prevents the possibility of re-arrest or reincarceration due to registration issues.

### E. Intensive Community Reintegration Program

This Court is well aware of the Department's efforts to create, identify and invest in housing for *Murphy* class members through the Intensive Community Reintegration Program (ICRP). Through the continued efforts of the Sex Offender Services Unit (SOSU), four community partners provide the opportunity for 78 *Murphy* class members to serve their MSR in the community. The Department is steadily looking for ways to expand this program. Accordingly, in the next 30 days we plan to add seven additional beds to the program. The success of the ICRP is significant, as the Department has not been able to fund transitional housing for sex offenders in a number of years.

Our community partners for the ICRP include New Beginnings, Walton Management, New Day Apartments, and Hand in Hand. Since the program's inception, 34 individuals have transitioned from an ICRP placement to independent long-term living arrangements. In the next 30 days we expect that five additional ICRP participants will transition from the program into independent housing. Presently, the average length of stay in the ICRP is approximately 139 days, which seems to indicate that the program is working consistent with our expectations.

Despite the Department's best efforts, many *Murphy* class members remain in the ICRP program because of an inability to find employment and thus an inability to secure their own compliant housing. These individuals will be allowed to remain in the program and will be offered continued supportive services to help them identify employment and housing.

## IV. Conclusion

The Department remains committed to complying with this Court's Permanent Injunction Order. We are pleased to see that the number of *Murphy* class members has dropped below 200. We strongly believe that but for COVID-19, our efforts would have resulted in more releases. Nevertheless, our commitment remains strong. The Department continues to take extraordinary steps with respect to this population. While we have not completely eliminated *Murphy* class members from our facilities, the population is being released into the community at a remarkable rate.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois          By:     */s/ Sarah H. Newman*
                                                           Sarah H. Newman
                                                           Assistant Attorney General
                                                           100 W. Randolph Street, 13th Floor
                                                           Chicago, Illinois 60601
                                                           312-814-6131
                                                           sarah.newman@illinois.gov

                                                           *Counsel for Defendants*